**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone:  (415) 858-7400
Facsimile:   (415) 858-7599

Attorneys for Defendant
**GOOGLE LLC**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02343-VC<br><br>**DEFENDANT GOOGLE'S L.R. 6-3 MOTION TO CONTINUE HEARING AND DEADLINE TO OPPOSE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Motion for Preliminary Injunction**<br>Date:   July 27, 2023<br>Time:  10:00 a.m.<br>Crtm.:  4, 17th Floor<br><br>District Judge Vince Chhabria<br>San Francisco Courthouse, Ctrm. 4 |

## I. INTRODUCTION

Pursuant to Civil L.R. 6-3, Defendant Google LLC respectfully requests that the Court continue briefing deadlines and the hearing on Plaintiff Jane Doe's Motion for Preliminary Injunction (ECF No. 22). Google's deadline to oppose Plaintiff Jane Doe's motion is June 22, 2023 and the hearing is scheduled for July 27. But on June 13, Plaintiff John Doe filed a second motion for preliminary injunction in another case asserting substantially similar (and additional) claims against Google. Plaintiff Jane Doe sought to relate the two cases because "of the substantial similarities between the *Jane Doe* and *John Doe* matters" and intends to seek to consolidate them. That motion is pending. Yet counsel for *Jane Doe* insists on having their motion for preliminary injunction heard *before* consolidation, without regard for the second preliminary injunction motion. Meanwhile, counsel for *John Doe* indicate that they have no intention of withdrawing their motion for preliminary injunction.

Google is thus caught in the middle. If Jane Doe's motion for preliminary injunction is denied, the *John Doe* plaintiff will insist on proceeding with a separate motion for preliminary injunction, leaving Google to oppose and the Court to adjudicate two motions on the same subject matter. Further, though the two motions for preliminary injunction ask for very similar relief, in one material respect, the *Jane* and *John Doe* plaintiffs disagree on the contours of the injunction the Court should issue: *Jane Doe* asks the Court to order Google to destroy the same set of data that *John Doe* asks the Court to order be preserved.[1] Recognizing the inefficiency and potential prejudice of proceeding this way, counsel for *John Doe* supports a consolidated, uniform approach to these motions, but counsel for *Jane Doe* refuses, insisting that their motion proceed first, and right away.

To conserve both party and judicial resources, Google respectfully requests that the hearing and briefing on the *Jane Doe* motion (ECF No. 22) be continued pending: (1) the Court's ruling on Plaintiff Jane Doe's motion to consider whether cases should be related, filed on May

---

[1] *Compare* ECF No. 22-10 at 2, *with Doe v. Google*, No. 5:23-cv-2431-BLF, ECF No. 17 at 4 n.2 (N.D. Cal. June 13, 2023).

18, 2023 (ECF No. 18) (the "Motion to Relate"); (2) Plaintiff Jane Doe's forthcoming motion to consolidate (assuming the cases are related), and (3) the filing of a combined motion for preliminary injunction based on a consolidated amended complaint. Despite counsel for *Jane Doe*'s position, counsel for Plaintiffs in both cases and Google all agree the cases should be related and that at least some consolidation is necessary.

This motion includes the declarations of Benedict Hur ("Hur Decl.") and Eduardo Santacana ("Santacana Decl.") attached hereto. Plaintiff Jane Doe opposes this motion. To increase the likelihood that the Court would adjudicate this motion prior to Google's deadline to oppose Jane Doe's motion, Google requested that counsel for Jane Doe agree to respond to this Rule 6-3 motion on shortened time and stipulate to a one-week continuance of its deadline to oppose the motion for preliminary injunction. Plaintiff Jane Doe refused both requests.

## II.   FACTUAL BACKGROUND

Plaintiff Jane Doe filed the Complaint in this action on May 12, 2023 (ECF No. 1), asserting substantially similar claims to another action pending in this District, *John Doe I et al v. Google LLC,* 5:23-cv-02431 (BLF) (together with this action, the "Related Cases").

The Complaint in *John Doe* was filed on May 17, 2023 and was assigned to the Honorable Haywood S. Gilliam, Jr. (ECF No. 10). On May 18, Plaintiff Jane Doe filed an Administrative Motion to Consider Whether Cases Should be Related (ECF No. 18), arguing that the Related Cases "concern substantially similar parties, arise from the same set of facts, and assert similar causes of action," and requesting relation to "conserve resources, avoid undue burden or duplication of labor, and ensure the actions are coordinated with one another." Neither Google nor counsel for John Doe oppose this motion. Santacana Decl. ¶ 3.

On May 25, 2023, Jane Doe filed a motion for preliminary injunction (ECF No. 22).

On June 2, 2023, Judge Gilliam issued an order recusing himself from the Jane Doe action (ECF No. 30), and it was reassigned to this Court (ECF No. 31). On June 5, 2023, Plaintiff Jane Doe and Google stipulated to amend the briefing schedule and hearing date on the motion for preliminary injunction. On June 7, 2023, this Court ordered that the briefing schedule and

1  hearing date on Jane Doe's motion for preliminary injunction should be as follows (ECF 33) (the
2  "Order Setting Briefing Schedule for Plaintiff's Motion for Preliminary Injunction"): Google's
3  deadline to oppose Plaintiff Jane Doe's Motion is June 22, 2023, Plaintiff Jane Doe's deadline to
4  reply is July 13, and the hearing is scheduled for July 27.

5        On June 13, 2023, Plaintiffs in *John Doe* filed an amended complaint and preliminary
6  injunction motion and noticed it for hearing on November 2, 2023. The same day, counsel for
7  Google reached out to Jane Doe's counsel to discuss consolidation of the actions and proceeding
8  with a single motion for preliminary injunction on a single complaint. Counsel for John Doe also
9  contacted counsel for Google that day to discuss the same. Hur Decl. ¶¶ 3-4 & Ex. 1; Santacana
10 Decl. ¶ 2.

11       On June 14, counsel for Jane Doe said he would be seeking consolidation but declined to
12 withdraw or delay his motion for preliminary injunction while the parties sorted out coordination
13 and consolidation issues. Hur Decl. ¶ 6 & Ex. 1. Counsel for Google asked if counsel for Jane
14 Doe would respond to this motion on shortened time and agree to a one-week extension of
15 Google's deadline to oppose the motion for preliminary injunction so the Court could have more
16 time to adjudicate it. Counsel for Jane Doe refused both requests. *Id.* ¶ 7 & Ex. 1.

17       On June 13 and 14, counsel for John Doe said they believed it was in the best interests of
18 the parties and the Court to relate the cases, consolidate at least some aspects of the cases, and
19 proceed on a single motion for preliminary injunction. Santacana Decl. ¶ 3. Google's counsel
20 relayed Jane Doe's refusal to coordinate to counsel for John Doe. John Doe's counsel indicated
21 that they would not withdraw their motion for preliminary injunction simply because counsel for
22 Jane Doe filed first, and again expressed his belief that the cases should be coordinated for the
23 efficiency and ease of all parties and the Court. *Id*.

24       Finally, though the two motions for preliminary injunction ask for very similar relief,
25 they differ in one material respect. The motion for preliminary injunction in this case, *Jane Doe*,
26 asks the Court to Order that Google "permanently delete all" of the information Plaintiffs allege
27 Google should not have acquired from health-related websites' use of Google products. ECF No.
28

22-10 at 2. The motion for preliminary injunction in *John Doe* asks the Court to Order that Google "preserve, maintain, sequester, segregate, and impound" the same set of data, and expresses concern with the relief requested in *Jane Doe* because of a concern "that granting such request would result in the destruction of relevant evidence." *John Doe*, No. 5:23-cv-2431-BLF, ECF No. 17 at 4 n.2.

### III. ARGUMENT

Pursuant to Civil L.R. 6-3, good cause exists to continue the briefing schedule and vacate the hearing on Plaintiff Jane Doe's motion for preliminary injunction pending: (1) the Court's ruling on Plaintiff Jane Doe's Motion to Relate (2) Plaintiff Jane Doe's forthcoming motion to consolidate (assuming the cases are related), and (3) the filing of a combined motion for preliminary injunction based on a consolidated amended complaint.

District courts have the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C. D. Cal. 1997). Here, continuing the briefing schedule and vacating the hearing on Jane Doe's motion for preliminary injunction is warranted as a matter of law and common sense. The claims and allegations of the Related Cases meet the Civil L.R. 3-12(b) requirement for relation. Plaintiff Jane Doe intends to seek consolidation of the Related Cases, and Google does not oppose. If the Court does not continue Jane Doe's motion for preliminary injunction, Google will be forced to oppose that motion on June 22 and the Court will be asked to adjudicate it.

Meanwhile, Plaintiff John Doe will insist that the Court also adjudicate its separate motion for preliminary injunction relating to similar (and additional) legal claims, and which seeks similar relief, some inconsistent relief, and is based upon non-overlapping evidence. No litigant should be required to defend serial motions asking for substantially similar relief, and the Court should not have to adjudicate them serially, either. *See e.g.*, *Brown v. Accellion, Inc.*, 2022 WL 767279, at *3 (N.D. Cal. Mar. 14, 2022) (holding that duplicative and overlapping pretrial motions "would result in what Rule 42(a) is aimed at avoiding: inefficiency" and that

consolidating the cases will "promote judicial economy by lessening the Court's burden of managing the Related Cases, and streamline the parties' [...] briefing efforts"). Nor should the Court entertain Plaintiff Jane Doe's counsel's eagerness to race ahead in this case even while all involved acknowledge the second-filed case must be consolidated. Indeed, counsel for Jane Doe even acknowledged that Google should only oppose a single motion for preliminary injunction, but insisted that motion should be his motion. Hur Decl., Ex 1.

Google will be prejudiced if it must incur the expense of briefing two oppositions to motions for preliminary injunction based upon actions which should be related and consolidated. That harm weighs substantially in favor of continuing briefing and the hearing date on Jane Doe's preliminary injunction motion and moving ahead instead with relation, consolidation, and a unified approach to the preliminary injunction requests.

### IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant this motion to continue the briefing schedule and vacate the hearing on the motion for preliminary injunction, pending (1) the Court's ruling on Plaintiff Jane Doe's Motion to Relate (2) Plaintiff Jane Doe's forthcoming motion to consolidate (assuming the cases are related) and (3) the filing of a combined Motion for Preliminary Injunction based on any consolidated amended complaint.

Dated:  June 15, 2023

WILLKIE FARR & GALLAGHER LLP
Benedict Hur
Simona Agnolucci
Eduardo Santacana
Tiffany Lin


By: _/s/ Benedict Hur_
         Benedict Hur

Attorneys for Defendant
GOOGLE LLC