Joseph P. Guglielmo (admitted *pro hac vice*)
Ethan Binder (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ebinder@scott-scott.com

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Proposed Interim Co-Lead Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendants. | Case No. 3:23-CV-02343-VC <br><br> **PLAINTIFF'S MOTION FOR CONSOLIDATION AND TO APPOINT LEAD COUNSEL** <br><br> COMPLAINT FILED: May 12, 2023 <br><br> Honorable Vincent Chhabria <br> Hearing Date: July 27, 2023 <br> Time: 10:00 A.M. <br> Location: Courtroom 4, 17th Floor |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

STATEMENT OF ISSUE TO BE DECIDED.............................................. 1

BACKGROUND .............................................................................................. 1

ARGUMENT .................................................................................................... 3

I.   THE ACTIONS SHOULD BE CONSOLIDATED .......................... 3

II.   THE COURT SHOULD APPOINT LOWEY-SCOTT AS INTERIM CO-LEAD CLASS COUNSEL UNDER RULE 23(g) ............................................. 5

    A.   Lowey-Scott Have Conducted Substantial Work in this Action to Date .................... 5

    B.   Lowey-Scott Have the Requisite Knowledge and Experience ..................................... 7

    C.   Lowey-Scott Have Sufficient Resources .................................................. 14

    D.   Lowey-Scott Have Worked Cooperatively in Successful Litigation Before.............. 15

CONCLUSION.................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Ho Keung Tse v. Apple, Inc.*,
    No. 12-cv-02653 (SBA), 2013 WL 451639 (N.D. Cal. Feb. 5, 2013)......................................... 3

*In re GSE Bonds Antitrust Litig.*,
    No. 19-cv-1704 (JSR), 2020 WL 3250593 (S.D.N.Y. June 16, 2020) .................................... 11

*In re Seagate Technology LLC Litig.*,
    No. 16-cv-00523 (RMW), 2016 WL 3401989 (N.D. Cal. June 21, 2016) ................................ 5

*Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*,
    877 F.2d 777 (9th Cir. 1989) .................................................................................................... 3

*Lopes v. Fitbit, Inc.*,
    No. 18-cv-06665-JST, 2019 WL 1865926 (N.D. Cal. Apr. 25, 2019) ...................................... 4

*Paraggua v. LinkedIn Corp.*,
    No. 5:12-cv-03088, 2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ......................................... 5

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) ............................................................................... 3, 4

**<u>Rules</u>**

Civil L.R. 7-4(a)(3) ......................................................................................................................... 1

Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv) ................................................................................................... 5

Fed. R. Civ. P. 23(g)(3)................................................................................................................... 5

Fed. R. Civ. P. 42(a) ................................................................................................................... 1, 4

Fed. R. Civ. P. 23(g) ............................................................................................................. *passim*

**<u>Treatises</u>**

Manual for Complex Litigation (4th ed. 2004) ...................................................................... 4, 5

PLEASE TAKE NOTICE that on July 27, 2023, at 10:00 A.M., in the courtroom of District Judge Vincent Chhabria, United States District Court for the Northern District of California, San Francisco Division, Plaintiff in the above pending action will and hereby does move for the entry of an order consolidating *Jane Doe v. Google LLC*, No. 3:23-cv-02343-VC (N.D. Cal.) (the "*Jane Doe* Action") and *John Doe I v. Google LLC*, No. 5:23-cv-02431-BLF (N.D. Cal.) (the "*John Doe I* Action") under Fed. R. Civ. P. 42(a) and appointing Lowey Dannenberg, P.C. ("Lowey") and Scott+Scott Attorneys at Law LLP ("Scott+Scott") as interim co-lead class counsel (collectively "Lowey-Scott") pursuant to Fed. R. Civ. P. 23(g). This motion is based on this notice of motion, the declarations of counsel, the incorporated memorandum of points and authorities, and the accompanying Proposed Order.

## STATEMENT OF ISSUE TO BE DECIDED

Pursuant to Civil L.R. 7-4(a)(3), the following issue are to be decided: (1) whether the Actions should be consolidated under Rule 42; and (2) whether the Court should appoint Lowey-Scott as interim co-lead class counsel.

## BACKGROUND

This action concerns one of the most egregious privacy violations in history: Google LLC's ("Google") widespread interception of protected health information and other sensitive data from the website, patient portal, or mobile app of nearly every health care provider in the country through Google Analytics and other tracking technologies. Plaintiff Jane Doe, whose information was intercepted while using Planned Parenthood's website to schedule an abortion, filed the first action against Google on May 12, 2023, asserting claims under the California Constitution, California Invasion of Privacy Act ("CIPA"), California Confidentiality of Medical Information Act ("CMIA"), and common law. *See* Class Action Complaint, ECF No. 1 ¶¶ 10, 43-50, 89-160

("Complaint").

Given the severity and ongoing nature of the alleged violations, Plaintiff Jane Doe promptly filed a motion for a preliminary injunction on May 25, 2023 to stop Google from: (1) intercepting individuals' health data and communications with their healthcare providers (2) disclosing and using this information, and (3) requiring Google to permanently delete this information from its systems using that data for advertising or other purposes. *See* ECF No. 22. Lowey-Scott separately served discovery on Google seeking documents and information relating to the healthcare provider websites and apps that Google intercepts data from in support of this motion, as well as a draft ESI protocol and protective order to expedite their production.

Lowey-Scott's initiative in filing the first action and preliminary injunction motion to put an end to this conduct should not be a surprise as the two firms have a history of successful litigation against Google. Since 2019, Lowey-Scott have been leading *In re Google Assistant Priv. Litig.*, No. 5:19-cv-04286 (N.D. Cal.) (the "*Google Assistant* Action"), a class action on behalf of Google Assistant users whose conversations were intercepted by Google without users' consent. Through their joint efforts, Lowey-Scott recently succeeded in certifying a class of all purchasers of Google Assistant enabled devices in the United States. *Google Assistant* Action, No. 5:19-cv-04286, ECF No. 360. The same experience and expertise that led to this outstanding result will undoubtedly benefit the class here.

While Lowey-Scott have been working diligently to advance the class's interests, they learned that counsel in a later-filed case asserting similar claims, based on the same set of facts, have sought to have themselves appointed as interim co-lead class counsel under Rule 23(g) with a single paragraph buried at the end of a preliminary injunction motion filed before Judge Freeman. *See John Doe I* Action, No. 5:23-cv-02431, ECF No. 17 at 25. This surprised Lowey-Scott because

they had previously contacted counsel in the *John Doe I* Action to inform them that they were aware of their later-filed case and intended to file a motion to relate the actions as they concerned the same subject matter. *See* Declaration of Christian Levis in Support of Plaintiff's Motion for Consolidation and to Appoint Lead Counsel ("Levis Decl.") ¶ 3. Lowey-Scott filed that motion, which Plaintiffs in the *John Doe I* Action confirmed that they did not oppose on May 18, 2023. *Id.* It remains pending before this Court.

In light of these developments, first-filed Plaintiff Jane Doe's motion to consolidate these actions and appoint Lowey-Scott as interim co-lead class counsel should be granted to avoid duplication, confusion, and inconsistent results that are likely to occur should these nearly identical cases proceed separately. The existence of two overlapping preliminary injunction motions on its own warrants the requested relief. As does the *John Doe I* Action counsel's attempt to sneak a Rule 23(g) motion into the last paragraph of an injunction request. The Court should consolidate the *Jane Doe* and *John Doe I* Actions and appoint Lowey-Scott, who thoroughly investigated and filed the first complaint, and have a track record of success litigating against Google, to lead the consolidated case.

## ARGUMENT

### I.     THE ACTIONS SHOULD BE CONSOLIDATED

A district court has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989); *see e.g., Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) ("The Court has broad discretion in determining whether or not to consolidate actions."); *Ho Keung Tse v. Apple, Inc.*, No. 12-cv-02653, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013) ("While a district

court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored.").

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* MANUAL FOR COMPLEX LITIGATION § 11.631 (4th ed. 2004) ("MANUAL"). In deciding whether to consolidate cases for pretrial purposes, a court "weigh[s] the interest of judicial convenience against the potential for delay, confusion and prejudice" caused by consolidation. *Zhu*, 682 F. Supp. 2d at 1052; *Lopes v. Fitbit, Inc*., No. 18-cv-06665, 2019 WL 1865926, at *1 (N.D. Cal. Apr. 25, 2019) (same).

Here, the *Jane Doe* and *John Doe I* Actions undoubtedly involve "common questions of law and fact." *Lopes*, 2019 WL 1865926, at *1. Each action alleges claims against Google on behalf of similar and overlapping classes and involve the same factual and legal issues, i.e., claims arising out of Google's interception, through its tracking technology, of individuals' sensitive personal and health information and communications from third party healthcare provider websites and mobile applications. *Compare* Complaint ¶¶ 4-5, 7, 10, 68, 109-120, 121-131, 99-108, 89-98, 153-160, *with John Doe I* Action, First Amended Class Action Complaint, ECF No. 16 ¶¶ 4, 278, 312-324, 325-334, 335-350, 516-537.

Consolidation will simplify the proceedings, avoid wasting resources litigating duplicative pretrial and discovery issues, and promote judicial efficiency. Additionally, consolidation will reduce the risk of confusion or delay that may result from prosecuting identical or substantially similar class actions separately, including potentially inconsistent judgments and rulings.

## II.     THE COURT SHOULD APPOINT LOWEY-SCOTT AS INTERIM CO-LEAD CLASS COUNSEL UNDER RULE 23(g)

Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The "designation of interim [lead] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11. This is necessary and appropriate where there are "overlapping, duplicative, or competing class [actions] pending before a court . . . to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (internal quotations and citations omitted).

Courts consider four factors in deciding whether to appoint interim class counsel under Rule 23(g): (1) the work proposed interim lead counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv); *see also In re Seagate Tech. LLC Litig.*, No. 16-cv-00523, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016) ("Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."). Each of these factors supports appointing Lowey-Scott here.

### A.  Lowey-Scott Have Conducted Substantial Work in this Action to Date

The *Jane Doe* Action is the result of months (if not years) of preparation and investigation regarding Google's Tracking Technologies and its use on health care websites and apps. This work, in part, grew out of Lowey's independent investigation over the past 2 years of various

health care apps and services that allegedly shared sensitive health data with third parties. Several actions have resulted from this research, including several that include Google and its technologies. *See Frasco v. Flo Health, Inc.*, No. 3:21-cv-00757 (N.D. Cal.) (the "*Frasco* Action") (Lowey serving as co-lead counsel in an action against Google (represented by the same counsel here) for its interception of health data through a popular women's health app); *Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal.) (the "*GoodRx* Action") (class action against Google (represented by the same counsel here) for its interception and use of health data collected from GoodRx users through its website and mobile application); *Doe v. Hey Favor, Inc.*, No. 3:23-cv-00059 (N.D. Cal.) (the "*Favor*" Action) (class action against Meta Platforms, Inc., and TikTok, Inc. for the disclosure and interception of health data from a mobile application).

Recognizing the pervasive nature of the conduct at issue in these cases, Lowey-Scott chose to leverage the combined experience from years litigating the *Google Assistant* Action and investigate the potential to pursue these claims directly against Google. Lowey-Scott's in-depth investigation included, among other things, testing both current and historical versions of multiple healthcare websites and mobile applications that incorporate Google's tracking technology to understand the data being intercepted as patients communicate with their health care providers. Armed with the results of thorough research and investigatory efforts, Lowey-Scott filed the first action against Google relating to this conduct on May 12, 2023.

Lowey-Scott continued their investigative efforts over the next coming weeks and, on May 25, 2023, filed the first motion for a preliminary injunction to prohibit Google from intercepting individuals' health information and their communications with healthcare providers through its tracking technology, requiring Google to remove its tracking technology from healthcare

providers' websites and mobile applications, prohibiting Google from disclosing and/or using this information, and requiring Google to permanently delete this information. *See* ECF No. 22.

Since then, Lowey-Scott have worked cooperatively with Google's counsel to set a briefing schedule on Plaintiff Jane Doe's Motion for a Preliminary Injunction,[1] lodged Requests for Production on June 8, 2023, and proposed an ESI protocol and protective order to help expedite the production of relevant information. Given the work already performed in this action, this factor supports appointing Lowey-Scott as interim co-lead class counsel.

### B. Lowey-Scott Have the Requisite Knowledge and Experience

The second and third Rule 23(g) factors look at counsel's experience with the claims in the action and their knowledge of applicable laws. As demonstrated herein, Lowey-Scott are at the forefront of privacy ligation and have the requisite knowledge and experience to lead this case, having already served as lead or co-lead counsel in multiple actions either: (1) against Google; or (2) that implicate the same legal and factual issues as this litigation.

### <u>LOWEY DANNENBERG, P.C.</u>

For more than fifty years, Lowey has successfully prosecuted class actions against some of the world's largest companies, achieving substantial recoveries on behalf of individuals. In its capacity as lead or co-lead counsel, Lowey has recovered billions of dollars on behalf of class members in the past decade alone. For example, $491.5 million in *Sullivan v. Barclays PLC*, No. 1:13-cv-02811 (S.D.N.Y.), $307 million in *Laydon v. Mizuho Bank, Ltd.*, No. 1:12-cv-03419 (S.D.N.Y.), $386 million in *GSE Bonds*, No. 1:19-cv-1704 (JSR) (S.D.N.Y.) ("*GSE Bonds*"), and

---

[1] Earlier today, Google's counsel filed a motion to continue Plaintiff Jane Doe's preliminary injunction hearing in light of the similar later-filed motion in the *John Doe I* Action. Plaintiff Jane Doe will respond to that separately in the time provided under the local rules.

$28.5 million in *In re: Wawa Inc. Data Security Litig.*, No. 2:19-cv-06019 (E.D. Pa). *See* Levis Decl. at ¶ 5.

Courts have expressly recognized this experience in appointing Lowey to leadership positions in complex class actions. *See, e.g.*, *Frasco* Action, No. 3:21-cv-00757, ECF No. 80 (N.D. Cal.) ("Co-Lead Counsel have performed substantial work on behalf of the proposed class to date, have worked toward streamlining the cases in this Court, and have sufficient experience and applicable knowledge necessary to effectively represent the proposed class."); *In re Apple Processor Litig.*, No. 5:18-cv-00147, ECF No. 40 (N.D. Cal.) (praising Lowey for "conduct[ing] a detailed investigation and analysis of the design, manufacture, and operation of the Apple CPUs."). This case will be primarily litigated by Christian Levis on behalf of Lowey, who has served as co-lead counsel in several privacy actions against Google similar to this one.

## **Christian Levis**

Christian Levis is a partner in Lowey's New York office and head of the firm's privacy group. *See* Levis Decl. ¶ 1, 6. An avid computer programmer with experience developing both iOS and Android apps, Mr. Levis is involved in leading the prosecution of multiple consumer privacy actions in this District against some of the largest technology companies in the world, including several actions against Google. *See Frasco* Action, No. 3:21-cv-00757 (N.D. Cal.) (serving as co-lead counsel in privacy action against Google for unlawful interception and use of health data); *Google Assistant* Action, No. 5:19-cv-04286 (N.D. Cal.) (serving as co-lead counsel in privacy action against Google for unlawful interception and use of private communications); *Lopez v. Apple, Inc.*, No. 4:19-cv-04577 (N.D. Cal.) (leading prosecution with Scott+Scott in an action against Apple, Inc. for unlawful interception and use of private communication); *Wesch v. Yodlee, Inc.*, No. 3:20-cv-05991 (N.D. Cal.) (class action alleging defendant collected financial

information through inconspicuous technology on FinTech applications); *GoodRx* Action, No. 3:23-cv-00501 (N.D. Cal.) (class action against Google for its interception and use of health data collected from GoodRx users through its website and mobile application); *Favor* Action., No. 3:23-cv-00059 (N.D. Cal.) (class action against Meta Platforms, Inc., and TikTok, Inc. for the disclosure and interception of health data from a mobile application).

Mr. Levis' leadership in these cases is demonstrated by what he has achieved on behalf of the class. For instance, in the past year he successfully argued plaintiffs' motion for class certification in the *Google Assistant* Action pending before Judge Labson Freeman, where Google is alleged to have secretly recorded and intercepted millions of Google Assistant users' communications without their consent. Levis Decl. ¶ 7; *see Google Assistant* Action, No. 5:19-cv-04286 (N.D. Cal.), ECF Nos. 222, 338, 360. Mr. Levis also argued and successfully defeated Google's (and co-defendants') motions to dismiss plaintiffs' claims in the *Frasco* Action, where he serves not only as co-lead counsel but as plaintiffs' discovery liaison. *See Frasco* Action, No. 3:21-cv-00757 (N.D. Cal.), ECF No. 158; Levis Decl. ¶ 8. Mr. Levis also argued and defeated financial data aggregator Yodlee's motion for summary judgment, which sought to dispose of both common law and statutory privacy claims arising from Yodlee's alleged unauthorized collection of consumers' financial information from their bank accounts through its technology incorporated in dozens of FinTech applications. *Id.*; s*ee Wesch v. Yodlee, Inc.*, No. 3:20-cv-05991 (N.D. Cal.), ECF Nos. 179, 247, 266.

These achievements are not limited to the privacy space. Prior to these victories, Mr. Levis served with Scott+Scott attorneys as court-appointed co-lead counsel representing Commonwealth of Pennsylvania Treasurer Joseph Torsella in *GSE Bonds*, a class action against sixteen of the world's largest banks that allegedly conspired to fix the prices of debt securities issued by

government sponsored entities for almost a decade. Levis Decl. ¶ 9. Plaintiffs ultimately settled the action with defendants for more than $386 million. *Id.* Mr. Levis, as well as the other lead attorneys, received the American Antitrust Institute award for Outstanding Antitrust Litigation Achievement in Private Law Practice as recognition for these achievements. *Id.*

The class here will also benefit from Mr. Levis' extensive experience using analytics and other e-discovery technologies to reduce cost and prioritize document review in large class actions. *Id.* ¶ 10. For instance, he recently served as panelist in a series hosted by the New York State Bar Association on the use of artificial intelligence in e-discovery, covering issues ranging from workflows for the search and collection of documents to issues around testing authenticity given the rise in generative A.I. *Id.* These skills will prove essential in making sure discovery is conducted in the most efficient and cost-effective way possible.

### SCOTT+SCOTT ATTORNEYS AT LAW LLP

Scott+Scott is an international law firm practicing in offices across the United States (Arizona, Texas, Virginia, New York, Delaware, Connecticut, California, and Ohio) and in Europe (London, Amsterdam, and Berlin).  Scott+Scott's practice focuses primarily on complex and class action litigation involving antitrust, securities, and consumer class actions, as well as derivative and other complex proceedings, in both state and federal courts.  The firm was founded in 1975 and now has over one hundred attorneys dedicated to complex and class action litigation, representing individuals, businesses, and public and private pension funds that have suffered from corporate fraud and other wrongdoing. Scott+Scott, which is ranked by U.S. News & World Report for 2021 as a "Best Law Firm," was recently recognized by Law360 as a Ceiling Smasher for their representation of women in their equity partnership.

Scott+Scott's recent successes as Lead Counsel include some of the largest recoveries in antitrust class action history:

- ***In re Foreign Exchange Benchmark Rates Antitrust Litig.***, No. 13-cv-7789 (S.D.N.Y) ("*FX*") (securing over $2.3 billion in settlements in case alleging conspiracy between and among major banks to fix the price of foreign exchange);

- ***GSE Bonds***, No. 19-cv-01704 (S.D.N.Y.) (with Lowey) (challenging manipulation in the market for bonds issued by Government-Sponsored Entities, *e.g.*, Freddie Mac and Fannie Mae; $386 million settlement);

- ***In re Disposable Contact Lens Antitrust Litigation***, MDL No. 2626 (M.D. Fla.) (alleging price-fixing in the disposable contact lens industry; securing a $75 million settlement on the eve of trial, for a total of $118 million in settlements);

- ***Alaska Elec. Pension Fund v. Bank of Am. Corp.***, No. 14-cv-07126 (S.D.N.Y.) ("*ISDAfix*") (challenging price-fixing of the ISDAfix benchmark interest rate; case resulted in $504.5 million in settlements, for the third largest antitrust settlement of 2018 according to the American Antitrust Institute); and

- ***Dahl v. Bain Cap. Partners, LLC***, No. 08-cv-10254 (D. Mass.) ("*Private Equity*") (challenging bid rigging and market allocation of leveraged buyouts by private equity firms; $590.5 million in settlements).

Scott+Scott has been recognized by various courts throughout the United States and elsewhere for its impressive efforts in litigating and resolving class actions on behalf of plaintiffs. In settling a class action against The Wendy's Company, the court, in approving the $50 million dollar settlement, noted that Scott+Scott "brought to the table an incredible wealth of knowledge, was always prepared, really was thorough and professional in everything that was provided to the Court." *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 2:16-cv-00506 (W.D. Pa.), Nov. 6, 2019 Hr'g. Transcript at 32, ECF No. 194.  In approving the *GSE Bonds* settlements, the court complimented "the high quality of plaintiffs' counsels' work, both in briefs and oral argument." *GSE Bonds*, No. 19-cv-01704, 2020 WL 3250593, at *4 (S.D.N.Y. June 16, 2020).  Renowned mediator, Kenneth R. Feinberg, concluded that the *FX* settlements "represent[] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott

were "superlative, sophisticated, and determined plaintiff's lawyers." *See FX*, No. 13-cv-7789, ECF No. 925 at 17; *id.*, ECF No. 926 ¶29.

Scott+Scott benefits from recent experience in tech-related litigation across its related practice groups.  For example, it currently serves or has previously served in leadership capacity in the following tech-related litigation:

- ***Google Assistant* Action**, No. 5:19-cv-04286 (N.D. Cal.) (with Lowey) (class action on behalf of consumers alleging privacy violations whereby Google Assistant records and discloses their private confidential communications without consent);

- ***Lopez v. Apple Inc.***, No. 4:19-cv-04577 (N.D. Cal.) (with Lowey) (class action on behalf of consumers and their minor children alleging privacy violations by Apple through its Siri application); and

- ***Klein v. Meta Platforms, Inc.***, 3:20-cv-08570 (N.D. Cal.) (plaintiffs allege that Facebook orchestrated a years-long scheme to monopolize the social advertising market and charge supracompetitive prices to its advertising customers.

Scott+Scott has a demonstrated ability to work constructively with firms from across the plaintiffs' bar and professionally with firms from across the table at the defense bar.  As discussed above, Scott+Scott is currently lead or co-lead counsel in over 60 class actions, partnering with dozens of other firms.

### Joseph Guglielmo

Mr. Guglielmo is the Chair of Scott+Scott's Consumer Practice Group which consists of some of the premier advocates in the area of consumer protection. Scott+Scott's Consumer Practice Group has been at the forefront in litigating and securing some of the most significant consumer protection settlements on behalf of its clients, resulting in hundreds of millions of dollars to class members. Mr. Guglielmo has been practicing for over 25 years and has extensive experience litigating complex consumer class actions. Mr. Guglielmo has been appointed to

numerous leadership positions in prominent consumer class actions and has achieved significant

recoveries, including:

- ***In re Equifax, Inc. Customer Data Sec. Breach Litig.***, No. 1:17-md-02800 (N.D. Ga.) (co-lead counsel on behalf of class of financial institutions, settlement in excess of $32.5 million);

- ***In re The Home Depot, Inc., Customer Data Sec. Breach Litig.***, No. 1:14-md-02583 (N.D. Ga.) (co-lead counsel on behalf of financial institutions, $27.25 million settlement on behalf of financial institutions nationwide where Mr. Guglielmo was co-lead counsel);

- ***First Choice Fed. Credit Union v. The Wendy's Co.***, No. 2:16-cv-00506 (W.D. Pa.) ($50 million settlement on behalf of financial institutions involving the breach of personal and financial information of millions of credit and debit cards);

- ***In re Target Corp. Customer Data Sec. Breach Litig.***, No. 0:14-md-02522 (D. Minn.) ($59 million settlement); and

- *In re Pre-Filled Propane Tank Marketing & Sales Practices Litig.*, MDL No. 2086 (W.D. Mo.) ($37 million settlement).

Mr. Guglielmo is currently serving in leadership positions in the following consumer class

actions:

- ***Google Assistant* Action**, No. 5:19-cv-04286 (N.D. Cal.) (with Lowey) (co-lead counsel on behalf of certified class of consumers alleging privacy violations whereby Google Assistant records and discloses their private confidential communications without consent);

- ***Forth v. Walgreen Co, Inc.***, No. 1:17-cv-02246 (N.D. Ill.) (co-lead counsel, class action on behalf of consumers and third-party union benefit funds alleging unlawful overcharges for medically necessary prescription drugs); and

- ***In Re: Zillow Group, Inc. Session Replay Software Litig.,*** No. 2:22-cv-01282 (W.D. Wa.) (co-lead counsel, class action on behalf of consumers who allege that Zillow and Microsoft unlawfully collected consumers' personal information through the use of session replay software).

Mr. Guglielmo was recently a member of the settlement team and signatory of a $92 million

settlement in *In re TikTok, Inc., Consumer Privacy Litiga.*, No. 1:20-cv-04699 (N.D. Ill.),

involving violations of privacy claims on behalf of consumers. Last year, Mr. Guglielmo served

as co-lead counsel and trial counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-02626 (M.D. Fla.), an MDL where the district court certified several horizontal and vertical nationwide antitrust classes, and where settlements totaling $118 million were obtained on the eve of trial.

Mr. Guglielmo lectures on electronic discovery and was a member of the Steering Committee of Working Group 1 of the Sedona Conference®, an organization devoted to providing guidance and information concerning issues such as discovery and production issues, as well as areas focusing on antitrust law, complex litigation, and intellectual property, and a member of the drafting team responsible for the Sedona Principles, Third Edition. Presently, Mr. Guglielmo serves on the board of the Advanced eDiscovery Institute at Georgetown University Law Center. He is a frequent speaker on electronic discovery issues. Mr. Guglielmo was also recognized for his achievements in litigation by his selection to The National Law Journal's "Plaintiffs' Hot List." In 2021, Mr. Guglielmo was recognized by Super Lawyers as a top Antitrust lawyer in the New York metro area and was named by Who's Who in Legal Litigation: Leading Practitioner-E-Discovery (2021).

Mr. Guglielmo has demonstrated his ability to lead complex class actions involving data privacy and data security. He has been instrumental in developing the claims in this action and will serve as the lead attorney for his firm. Mr. Guglielmo's experience and results make him well-qualified to serve as interim co-lead class counsel.

### C.  Lowey-Scott Have Sufficient Resources

Lowey-Scott have years of experience prosecuting and self-funding complex class action litigation, including actions against Google and other large technology companies. Lowey-Scott have each advanced millions of dollars to fund expenses in several of its cases (and have already

advanced costs in this action), demonstrating a commitment to providing the resources and staffing needed to successfully prosecute this case.

The class will also benefit from Lowey-Scott's more than 140 attorneys, each ready and able to litigate this action, as well as Lowey's state-of-the-art e-discovery infrastructure and proprietary algorithms to help speed up discovery and save the class time and money. An ISO 27001 certified law firm, Lowey maintains the unique ability to conduct end-to-end- e-discovery in-house on its own secure environment, a capability its applied in numerous complex cases involving millions of documents, including the *Google Assistant* Action.[2]

As interim co-lead class counsel, Lowey-Scott will continue to commit the same resources and effort to this case as they have committed to their other, successful complex class action litigation.

### D.  Lowey-Scott Have Worked Cooperatively in Successful Litigation Before

Also weighing in favor of appointing Lowey-Scott as interim co-lead class counsel is their history and experience working together successfully in several actions. In addition to the *Google Assistant* Action, where Lowey-Scott successfully certified a class, and *GSE Bonds*, where they recovered $386.5 million for the class, the two firms have collaborated and are collaborating in number actions successfully. *See GSE Bonds*, No. 1:19-cv-1704 (S.D.N.Y.); *Google Assistant* Action, No. 5:19-cv-04286 (N.D. Cal.); *In re Papa John's Employee & Franchisee Employee Antitrust Litig.*, No 3:18-CV-00825 (W.D. Ky.); *In re: RealPage, Inc. Rental Software Antitrust*

---

[2] This technology has resulted in significant cost-savings. For example, in *Sullivan v. Barclays plc*, Lowey litigated Sherman Act claims against eight multi-national banks on behalf of a class of investors for five years and requested only $155,362.11 in discovery-related expenses from a $491 million settlement. *See Sullivan v. Barclays plc*, No. 13-cv-2811 (S.D.N.Y.), ECF Nos. 411, 483; *see also GSE Bonds*, No. 19-cv-1704 (S.D.N.Y.), ECF No. 159 ("Lowey Dannenberg represents that it maintains its own e-discovery infrastructure. Again, this is not a dispositive factor, but it weighs slightly in []Lowey's favor.").

*Litig.*, No. 3:23-md-3071 (M.D. Tenn.); *In re JPMorgan Treasury Futures Spoofing Litig.*, No. 1:20-cv-03515 (S.D.N.Y.); *Lopez v. Apple, Inc.*, No. 4:19-cv-04577 (N.D. Cal.). Lowey-Scott's history of successfully and cooperatively working together in current and past actions will further assist in controlling costs and minimizing billing and is an additional factor that supports granting Plaintiff's motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order consolidating the *Jane Doe* and *John Doe I* Actions and appointing Lowey-Scott interim co-lead class counsel.

Dated: June 15, 2023

/s/*Christian Levis*
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Hal D. Cunningham (Bar No. 243048)
Sean Russell (Bar No. 308962)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 223-4565
Fax: (619) 233-0508
hcunningham@scott-scott.com
srussell@scott-scott.com

Joseph P. Guglielmo (admitted *pro hac vice*)
Ethan Binder (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ebinder@scott-scott.com

*Attorneys for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 15, 2023, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record in this Action. Separately, I have, simultaneously with the filing of this Motion, served copies of this Motion on all known parties and counsel of record in the *John Doe I* Action.

/s/*Rachel Kesten*
Rachel Kesten