Pages 1-26

1                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
2                      SAN FRANCISCO DIVISION

3

4   JOHN DOE I, et al. on behalf of  )  Case No. 23-cv-02431-VC
    themselves and all others        )
5   similarly situated,              )  San Francisco, California
                                     )  Friday, June 30, 2023
6              Plaintiffs,           )
                                     )  ZOOM WEBINAR PROCEEDINGS
7       v.                           )
                                     )
8   GOOGLE LLC,                      )
                                     )
9              Defendant.            )
    _____)
10                                   )
    JANE DOE, individually and on    )  Case No. 23-cv-02343-VC
11  behalf of all others similarly   )
    situated,                        )
12                                   )
               Plaintiff,            )
13                                   )
        v.                           )
14                                   )
    GOOGLE LLC,                      )
15                                   )
               Defendant.            )
16  _____)

17

18         TRANSCRIPT OF INITIAL CASE MANAGEMENT CONFERENCE
              BEFORE THE HONORABLE VINCE CHHABRIA
19              UNITED STATES DISTRICT COURT JUDGE

20

21

22  **[COUNSEL APPEARANCES ARE LISTED ON THE FOLLOWING PAGE]**

23

24

25  Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.

```
 1   APPEARANCES:   (Via Zoom)

 2   For Plaintiffs and the          JASON 'JAY' BARNES, ESQ.
     Proposed Class in John          AN TRUONG, ESQ.
 3   Doe v. Google LLC:              Simmons Hanly Conroy LLC
                                     112 Madison Avenue, 7th Floor
 4                                   New York, New York 10016
                                     (212) 784-6400
 5
                                     JEFFREY KONCIUS, ESQ.
 6                                   NICOLE RAMIREZ, ESQ.
                                     Kiesel Law LLP
 7                                   8648 Beverly Hills, California 90211
                                     (310) 854-4444
 8
                                     MELISSA GARDNER, ESQ.
 9                                   MICHAEL W. SOBOL, ESQ.
                                     Lieff Cabraser Heimann &
10                                   Bernstein, LLP
                                     275 Battery Street, 29th Floor
11                                   San Francisco, California 94111-3339
                                     (415) 956-1000
12
     For Plaintiffs and the          CHRISTIAN LEVIS, ESQ.
13   Proposed Class in Jane          Lowey Dannenberg, P.C.
     Doe v. Google LLC:              44 South Broadway, Suite 1100
14                                   White Plains, New York 10601
                                     (914) 997-0500
15
                                     JOSEPH P. GUGLIELMO, ESQ.
16                                   Scott+Scott Attorneys at Law LLP
                                     600 W. Broadway, Suite 3300
17                                   San Diego, California 92101
                                     (619) 233-4565
18
     For Defendant:                  BENEDICT HUR, ESQ.
19                                   SIMONA AGNOLUCCI, ESQ.
                                     EDUARDO SANTACANA, ESQ.
20                                   Willkie Farr & Gallagher LLP
                                     One Front Street, 34th Floor
21                                   San Francisco, California 94111
                                     (415) 858-7400
22
     Transcription Service:          Peggy Schuerger
23                                   Ad Hoc Reporting
                                     2220 Otay Lakes Road, Suite 502-85
24                                   Chula Vista, California 91915
                                     (619) 236-9325
25
```

1    SAN FRANCISCO, CALIFORNIA  FRIDAY, JUNE 30, 2023  11:00 A.M.

2                          --oOo--

3            THE CLERK:  Now calling Civil Cases 23-2431 and 23-2343,

4    Doe v. Google LLC.  Would counsel please state your appearances

5    for the record, starting with the Plaintiff.

6            MR. BARNES:  Thank you.  Good afternoon, Your Honor.

7    Jay Barnes, Simmons Hanly Conroy, on behalf of the Plaintiffs.

8            THE COURT:  All right.  Which Plaintiffs?

9            MR. BARNES:  The John Doe Plaintiffs.  Thank you, Your

10   Honor.

11           THE COURT:  Okay.

12           MR. KONCIUS:  And, Your Honor, Jeff Koncius from Kiesel

13   Law with Nicole Ramirez also on behalf of the John Doe Plaintiffs.

14           THE COURT:  Hi.

15           MS. GARDNER:  And good morning, Your Honor.  Melissa

16   Gardner of Lieff Cabraser Heimann & Bernstein here with my partner

17   Michael Sobol also for the John Doe Plaintiffs.

18           THE COURT:  Hi.

19           MR. LEVIS:  Christian Levis from Lowey Dannenberg on

20   behalf of the Jane Doe Plaintiffs.

21           THE COURT:  Hi.

22           MR. GUGLIELMO:  Good morning, Your Honor.  Joseph

23   Guglielmo on behalf of the Jane Doe Plaintiffs.

24           THE COURT:  Hi.

25           MS. TRUONG:  An Truong, Simmons Hanly Conroy, on behalf

1   of the John Doe Plaintiffs, Your Honor.

2           THE COURT:  John or Jane?

3           MS. TRUONG:  John.

4           THE COURT:  Okay.  Is that all on that side?  I think

5   so.

6           MR. HUR:  I believe that's all the Plaintiffs, Your

7   Honor.  Ben Hur, Simona Agnolucci, Eduardo Santacana from Willkie

8   Farr & Gallagher for Defendant Google.

9           THE COURT:  Hi.  All right.  I think I know what's

10  happening here.  So there's -- so in the Jane Doe case, there's a

11  pending motion for a preliminary injunction; is that right?

12          MR. LEVIS:  Yes.

13          THE COURT:  And that should be just denied right now as

14  moot; is that right?

15          MR. LEVIS:  Yeah.  We proposed to withdraw it but,

16  either way, the plan was to proceed on the John Doe motion which

17  was filed in that case.

18          THE COURT:  Okay.  The preliminary injunction in the

19  Jane Doe case is -- the preliminary injunction motion in the Jane

20  Doe case is denied as moot.

21          And then is there anything else pending in the Jane Doe

22  case at the moment?

23          MR. LEVIS:  Yes.  There was the motion to consolidate

24  and also for appointment of interim class counsel.  The parties

25  all agree on consolidation, so I think that one's easy.

1        THE COURT:  So the cases are hereby consolidated.

2        MR. LEVIS:  And then for the motion to appoint interim

3   class counsel, our proposal was to submit a new motion to Your

4   Honor next week.

5        THE COURT:  Okay.  So the motion to appoint interim

6   class counsel that was filed in the Jane Doe case, that should be

7   denied as moot also?

8        MR. LEVIS:  Correct, and we'll file a new motion next

9   week.

10        THE COURT:  So the motion to appoint interim class

11   counsel -- interim counsel, whatever it is -- in the Jane Doe case

12   is denied as moot.

13        Okay.  Any other pending motions in the Jane Doe case?

14        MR. LEVIS:  No.

15        THE COURT:  Okay.  What about in the John Doe case?

16   There's the motion for a preliminary injunction, and that motion

17   is not going to be denied as moot.  That's the motion that we're

18   going to adjudicate?

19        MR. LEVIS:  Correct, and Mr. Barnes will speak to those

20   motions in that case.

21        THE COURT:  Okay.  So there's the motion for preliminary

22   injunction.  We need to decide when to schedule that.  We'll hold

23   off on that for a second.  What -- are there any other pending

24   motions in the John Doe case?

25        MR. BARNES:  No, Your Honor, although we have -- we have

 1   a motion -- we'll have a motion forthcoming regarding appointment

 2   of counsel that Mr. Levis spoke to.

 3           THE COURT:  Got it.  Okay.  And then so the -- it seems

 4   like everybody agrees that there's -- the motion for appointment

 5   of interim class counsel is to be filed on July 7th.  Is that

 6   right?

 7           MR. BARNES:  Correct.

 8           THE COURT:  Is there -- is there any reason -- you've

 9   described it in your case management statement as a stipulation.

10   But, I mean, I don't -- maybe there will be somebody else out

11   there in the world who would oppose it.  I mean, why shouldn't I

12   adjudicate the motion to appoint interim class counsel at the same

13   that I -- that I adjudicate the motion for preliminary injunction?

14           MR. BARNES:  If that's Your Honor's preference, I think

15   we can go with that.  Our --

16           THE COURT:  I mean, is there any -- is there any value

17   in adjudicating it beforehand?

18           MR. BARNES:  I think that there is, to the extent that

19   there may be additional cases filed that makes a motion more

20   complicated.  All the firms involved in this case have done

21   substantial work furthering the litigation.  We're ready to

22   file -- we've reached an agreement as to how we think a class

23   structure -- a leadership structure that benefits the class can

24   work and we think it would be beneficial to just move forward --

25           THE COURT:  But why?  I mean, what harm is it preventing

1  to adjudicate -- I mean, first of all, it seems to me that I can't

2  just -- you can't just submit a stipulation and I sign it, which

3  it seemed to be what you were contemplating in the case management

4  statement.  That doesn't seem right to me.  I mean, if there's

5  somebody out there, you know, who's a potential member of the

6  class or is involved in litigation on this topic who would want to

7  object to it, I would think that we would give them the

8  opportunity to object.  And I don't -- I mean, meanwhile you can

9  pursue your motion for preliminary injunction and they can oppose

10 it and we can have a hearing on the motion for preliminary

11 injunction.  And it seems to me that I would probably be in the

12 best position to decide whether you all should be, you know -- you

13 know, should be provisional class counsel or interim class counsel

14 at that time.

15        MR. BARNES:  So two things, Your Honor.  First, we

16 talked yesterday.  We agree with what you said about the

17 stipulation.  Reviewing what we filed, we agreed that a motion

18 itself is the more appropriate route to go for the reasons that

19 you've stated.

20        Second, with respect to how it impacts the case right

21 now, I think it would be beneficial for Google to have a

22 leadership structure on the other side so that Google knows with

23 whom they are communicating and that those communications -- they

24 are communicating with the right people and negotiating things

25 with the right people on the Plaintiffs' side.

1      THE COURT:  Okay.  My inclination would be to wait until
2  we adjudicate the -- we'll just have a hearing on the same day for
3  the motion for preliminary injunction and the motion for
4  appointment of interim class counsel.

5      And so then I think that leaves only the question of
6  when to have a hearing on the motion for preliminary injunction.
7  I -- I guess my -- you have to take this comment with a huge grain
8  of salt because I have not dived into the case yet.  I might have
9  only started looking at it.  But my very initial reaction is, you
10  know, this doesn't seem like an emergency.  And it doesn't -- it
11  doesn't seem like, you know, something that needs to be
12  adjudicated, you know, in July or whatever it is that you're
13  proposing.  I mean, I'm happy -- I'm happy to do it.  I'm -- you
14  know, I'm here most of the summer and happy to -- and have the
15  time and happy to do it promptly.  But in terms of just, you know,
16  sort of making sure that an unfair burden isn't imposed on anyone,
17  it just doesn't strike me as an emergency that needs to be
18  adjudicated promptly.  And so, you know, I don't know -- I don't
19  really know if I'm in a position to reach a final conclusion as I
20  sit here right now on whether it is something that needs to be
21  adjudicated in July or early August as opposed to October.  It
22  doesn't seem like it.

23      So, Mr. Barnes or whoever, if you want to --
24      MS. GARDNER:  Your Honor, if I can speak just briefly to
25  the scheduling issues.  If we are consolidating the hearing on the

1    appointment of counsel and the preliminary injunction motion, then

2    that appointment hearing actually also really should be held

3    sooner rather than later so that we can proceed with the initial

4    case management conference and discovery and all of those other

5    kind of preliminary matters that allow the case to move forward.

6             THE COURT:  Well, I think that they said that they're

7    going to file a motion to dismiss the case; right?

8             MS. GARDNER:  Yes, Your Honor.

9             THE COURT:  And is the idea that -- this is for

10   Google -- is the idea that the motion to dismiss would be

11   adjudicated at the same time as the preliminary injunction motion?

12            MR. HUR:  Your Honor, because Plaintiffs were eager to

13   go forward with the John Doe PI motion and they have not yet filed

14   a consolidated amended complaint or will base the PI necessarily

15   on the consolidated amended complaint, we won't have a complaint

16   to move to dismiss on.

17            THE COURT:  Well, why shouldn't they file a consolidated

18   amended complaint well before the motion for preliminary

19   injunction is adjudicated?

20            MR. BARNES:  If that's the preference, Your Honor, we

21   can do that.  The reason we thought we could proceed with the

22   agreed-upon operative complaint is the underlying facts -- the key

23   operative facts for the motion for preliminary injunction are

24   going to remain the same as they are in the operative complaint

25   and as they will be alleged in the consolidated complaint with Mr.

1   Levis's case.  So that's why our position was, no, we can move

2   forward with the motion for preliminary injunction.  But if it is

3   Your Honor's preference that we do both simultaneously, obviously

4   we are here to listen to the Court's preference as to how the

5   procedure to get this done works.

6         THE COURT:  Well, I don't know.  I'm not -- I mean, I'm

7   not necessarily expressing a preference at this point.  I'm just

8   spitballing.  But I'm exploring, you know, what would be the sort

9   of most efficient way to adjudicate the case; right?  Because, you

10  know,  the  Plaintiffs  are  talking  about  discovery  but  the

11  Defendants are talking about a motion to dismiss, and I assume the

12  Defendants  are  going  to  argue  that,  you  know,  they  don't  --

13  discovery shouldn't happen until after the motion to dismiss is

14  adjudicated and -- but then that would be kind of a problem -- if

15  we're waiting until well after the preliminary injunction motion

16  to adjudicate a motion to dismiss, then we're delaying discovery

17  for quite a while which would make me a little uncomfortable.

18         So that's why I started wondering if -- well, if -- I've

19  just granted a motion to consolidate, so why not file, you know,

20  a consolidated amended complaint -- why not get that on file and

21  then maybe we could -- you know, maybe -- I assume the preliminary

22  injunction motion is going to require a deep dive that is going to

23  involve an examination of many of the same issues that would be

24  examined in connection with a motion to dismiss.  I assume a lot

25  of the opposition to the preliminary injunction motion is going to

1  be that -- the assertion that the Plaintiffs haven't established

2  a likelihood of success and, in fact, they haven't even stated a

3  claim in their complaint.

4        So those are a lot of assumptions I'm making.  But if

5  those assumptions are correct, why not get a consolidated

6  complaint on file promptly and figure out -- see if there's a way

7  we can adjudicate both the motion to dismiss and the preliminary

8  injunction motion at the same time.

9        MR. BARNES:  We can do that, Your Honor.

10        THE COURT:  What do the Defendants think about it?  What

11  does Google think about that?

12        MR. HUR:  Your Honor, I think the only complicating

13  factor to that would be that the current preliminary injunction

14  motion relies upon the John Doe complaint.  So as currently

15  crafted, it would require you to refer to both complaints, the

16  John Doe complaint and the forthcoming consolidated amended

17  complaint.  That I think would be not a great use of judicial

18  resources.  But if we could resolve that, I think your plan could

19  work.

20        MR. BARNES:  Your Honor, if I may, the core facts are

21  going to remain the same.  I don't anticipate changing anything in

22  our motion for preliminary injunction based on the filing of a

23  consolidated complaint.  We view the consolidated complaint as

24  involving far more housekeeping issues than substantive issues

25  about Google's liability and whether an injunction should issue.

1          THE COURT:  Yeah.  I mean, I sort of gather, just

2    reading between the lines of all the papers, that the John Doe

3    people have been kind of driving the ship.

4          MR. BARNES:  All firms have agreed we'll work together.

5    We've done a lot of -- the John Doe folks have done a lot of work

6    with respect to the preliminary injunction in our complaint.  The

7    Jane Doe people have done some work, too.  So I wouldn't

8    necessarily disagree, but I want to point out that the Jane Doe

9    folks have done some work, too, Your Honor.

10          MR. HUR:  Your Honor, perhaps if we -- the Plaintiffs

11   could re-file -- if they file a consolidated amended complaint, we

12   file the PI at least just changing the citations so that it's

13   reflecting the consolidated amended complaint.  It sounds like

14   they're representing they're not going to change anything else.

15   And then we could go forward on the schedule Google proposed.

16          THE COURT:  I mean, I think that sounds maybe a little

17   bit cleaner to do it that way.  I mean, we have -- we've

18   consolidated the two cases now, so we just have the one case, the

19   John Doe case.  File your consolidated amended complaint and sort

20   of renewed motion for a preliminary injunction.  So do it on the

21   same date.  Whatever -- what? -- seven days from now, let's say?

22          MR. BARNES:  Because of the holiday next week, could we

23   have until the following Monday or Tuesday?

24          THE COURT:  Sure.  Do you want to just say 14 days from

25   now?

1          MR. BARNES:  That -- that works.

2          THE COURT:  Okay.  So -- so I'm going to say that the

3  motion for a preliminary injunction in the John Doe case that's

4  currently on file is denied as moot also.  And the consolidated

5  amended complaint is due 14 days from today.  And the -- shall we

6  say that the -- the motion for preliminary injunction is also due

7  14 days from today? -- you file them both on the same day?  Does

8  that make sense?

9          MR. BARNES:  Yes, Your Honor.

10          THE COURT:  Okay.  So the renewed motion for a

11  preliminary injunction will be due 14 days from today as well.

12  Let me look at my calendar.  So that's July 14th; right?

13          MS. GARDNER:  Yes.

14     (Pause.)

15          THE COURT:  Just give me one second.

16     (Pause.)

17          Okay.  So the motion for preliminary injunction --

18  here's what I'm -- here's what I'm going to propose.  And if

19  anybody wants to object to it, obviously they can.  But motion for

20  preliminary injunction due July 14th.  The opposition to the

21  motion due four weeks later, so July 11th -- sorry -- August 11th.

22  Reply due I'm going to say three weeks later -- September 1st?

23          MR. BARNES:  That's fine, Your Honor.

24          THE COURT:  September 1st.  Okay.  And then hearing on

25  September 22nd -- sorry -- September 21st.  And then if -- and so

1  that would be the hearing on the motion for preliminary

2  injunction.  And if Google wants to file a motion to dismiss, they

3  can file a motion to dismiss and tee it up for hearing on the same

4  day.

5        MR. HUR:  Your Honor, for Google, if there's any way we

6  could push the deadline to oppose the preliminary motion back a

7  couple of weeks.  That -- I am on a pre-planned family vacation

8  from the 6th through the 18th.

9        THE COURT:  Sure.  I also remember scheduling -- putting

10  you folks, the Google people, on a schedule for another

11  complicated case that I then transferred to Ariceli Martinez-

12  Olguin.  I can't remember what the schedule was that I set for

13  you.  But I know you have another very big thing happening at

14  around that time.

15        MR. HUR:  We do.  Thank you, Your Honor.

16        THE COURT:  So you wanted -- so the -- so the idea was

17  that the motion would be due on the 14th and then the opposition

18  would be due on the 11th of August.  You're saying you want the

19  opposition to be due on the 25th?

20        MR. HUR:  Yes, Your Honor.

21        THE COURT:  Okay.  Let's say the opposition is due on

22  the 25th.  The reply -- do you still want three weeks, Mr. Barnes,

23  for the reply?

24        MR. BARNES:  If the Court is okay with that, yes.  But

25  if the Court --

1          THE COURT:  Well, it would involve pushing the hearing
2   back by two weeks.
3          MR. BARNES:   If we can keep the hearing date of
4   September 21st and if we could do it in two weeks and keep the
5   hearing date of September 21st --
6          THE COURT:  Then I'll have you -- I'll tell you what I
7   have.  We'll say that the opposition is due August 24th, Thursday,
8   August 24th, and the reply is due Wednesday, September 6th.
9          MR. BARNES:  Thank you, Your Honor.
10          THE COURT:  And we can keep the hearing on September
11   21st.
12          MR. BARNES:   Thank you.  May I ask a clarification
13   question about the hearing?
14          THE COURT:  Yes.
15          MR. BARNES:  I apologize for my confusion.  Regarding
16   the motion for interim appointment, would that -- would that be
17   heard on that day as well?
18          THE COURT:  That would be heard on -- that would be
19   heard on that day as well.
20          MR. BARNES:  Okay.
21          THE COURT:  So, you know, you can file that along with
22   your preliminary injunction motion or you can wait and file it 35
23   days before, you know -- before the hearing date.  But that -- the
24   motion for appointment of interim class counsel would be -- would
25   be heard on the 21st as well.

1          MR. BARNES:  Okay.

2          MR. KONCIUS:  Your Honor, may I ask a question?  Sorry.

3   Jeff  Koncius  for  John  Doe.    Just  two  further  points  of

4   clarification -- not to confuse anything.  For the briefing on the

5   motion to dismiss, will that be the same briefing schedule that

6   Your Honor set for the preliminary injunction? -- number one.  And

7   number two is I think Your Honor's Local Rule has page limits, and

8   I'm wondering if there's any way that we could make our motion for

9   preliminary injunction the 25 pages that it is now, Your Honor,

10  rather than I think it's the 15 that Your Honor requires.

11         THE COURT:  That's fine and I thought that -- I think in

12  my Standing Order I say that the one exception to the 15-page

13  limit is motions for a preliminary injunction.  Maybe I don't say

14  that.  I can't remember as I sit here.  But it's fine to keep the

15  same page limits that you were operating under before for the

16  motion for preliminary injunction.

17         And I will say the same thing, by the way, for the --

18  for the motion to dismiss.

19         MR. HUR:  Thank you, Your Honor.  And on the point of

20  the PI, my understanding is that this is going to be a clerical

21  amendment.  We're working on this opposition now and we'll assume

22  no substantive changes.

23         THE COURT:  Yeah.  If there's some significant change

24  that requires significant additional factual investigation or

25  something like that, then you can -- you know, you can move to

1 continue the hearing.

2       MR. HUR:  Thank you, Your Honor.

3       THE COURT:  On the other hand, you know, if there's a

4 little bit of additional factual stuff that doesn't seem like a

5 big deal because for a preliminary injunction motion, this is

6 already a pretty elongated schedule.

7       MS. GARDNER:  Your Honor, --

8       THE COURT:  So -- wait.  Hold on one second.  So -- let

9 me just address Mr. Koncius's other question.  So on the motion to

10 dismiss, what -- what makes sense in terms of a briefing schedule?

11 I wonder if it makes sense to have the motion to dismiss filed on

12 the date that your opposition is due to the -- to the motion for

13 preliminary injunction.  Would that make sense?  Maybe not.

14       MR. HUR:  Your Honor, I think there may not be enough

15 time for briefing then because --

16       THE COURT:  Do you agree that there's going to be

17 significant overlap in the two -- in the two motions?

18       MR. HUR:  Your Honor, I think there will be -- there

19 will certainly be overlap.

20       THE COURT:  Uh-huh.  I mean, the stuff on likelihood of

21 success on the merits, isn't it going to be very similar to the --

22 to the motion to dismiss?

23       MR. HUR:  Yes, Your Honor.  I agree with that.

24    (Pause.)

25       MR. HUR:  Your Honor, I think if we, for example, filed

1   the same day and then the Plaintiffs oppose on the date of their

2   reply, --

3            THE COURT:  Go ahead.  I mean --

4            MR. HUR:  -- it would crunch you, Your Honor, I believe.

5            THE COURT:  Yeah.  The problem is it's just going to be

6   too much briefing and the briefing is going to be repetitive.  I

7   mean, I think the -- you know, the ideal way to do it -- I don't

8   know if this is going to work with everybody's schedule, but the

9   ideal way to do it would be motion for preliminary injunction

10  filed by the Plaintiffs, opposition/motion to dismiss filed by

11  Google, reply re motion for preliminary injunction/opposition to

12  the motion to dismiss filed by the Plaintiffs, and then a reply by

13  Google on a motion to dismiss.

14           So you'd have four briefs.  That would be the most

15  sensible way to do it.  Can you figure out a way to do it that

16  way?

17           MR. HUR:  Well, Your Honor, you are -- you are thinking

18  one brief to oppose the PI and move to dismiss.

19           THE COURT:  Yeah.  We can talk about the page limits,

20  you know, but that will make it a much more orderly process for

21  you all, and perhaps more importantly, for me.  It will -- the

22  briefs will be very difficult to understand if we have two sets of

23  briefs flying around coming in at different times.

24           I still actually read the briefs.

25           MR. HUR:  That could work, Your Honor.

1       THE COURT:  So -- so what -- I think it would make the

2  most sense -- if you -- if you all agree, if you think it's a good

3  idea to adjudicate the motion to dismiss at the same time and

4  maybe -- you know, and, again, one of my concerns with not

5  adjudicating the motion to dismiss at the same time is that that

6  would, you know, cause a significant delay in getting discovery

7  started.  Right?

8       So that's why -- and I would be a little reluctant to

9  allow discovery to get going -- I guess except to the extent

10  necessary to, you know, sort of get the preliminary injunction

11  motion adjudicated -- but I would be reluctant to get discovery

12  done in full before the motion to dismiss is adjudicated.  But I'm

13  reluctant to delay discovery and delay the motion to -- delay the

14  motion to dismiss and thereby delay discovery for so long.  That's

15  my thinking.

16       MR. HUR:  Your Honor, one way to potentially address

17  that would be for Google to file the motion to dismiss very

18  shortly after the hearing on the PI and have a tight 45-day

19  briefing schedule.  We will have certainly become familiar with

20  the issues, so hopefully the efficiency would not be totally lost.

21  But then we would at least be dealing with one motion, you know,

22  one set of issues.  The briefing schedule is a little compressed

23  as it is.

24       THE COURT:  Why don't we -- I think it would be -- to

25  the extent that the Plaintiffs, you know, want to move forward

1    promptly on discovery -- I mean, to the extent that the Plaintiffs

2    -- I assume the Plaintiffs would like to move forward promptly on

3    discovery and that, therefore, they would like to get the motion

4    to dismiss adjudicated promptly -- is that correct, Mr. Barnes?

5              MR. BARNES:  That's correct.  And thank you for asking.

6    May I add something else on the topic?  I'll let you finish, but

7    I would like to make a comment on --

8              THE COURT:  Go ahead.  Go ahead.

9              MR. BARNES:  So we think that we're in a position where

10   we can fast-track this case.  We're really concerned about

11   significant delays in discovery.  And there are certain discovery

12   topics that we think make sense to start on right now, and I'll --

13   I'll give you two examples.

14             Main Plaintiff -- production of main Plaintiff data and

15   how Google's back-end systems operate to connect all of these

16   identifiers together, that main Plaintiff data discovery process

17   is very often extremely lengthy and contentious in cases like

18   these.  We think we can cut through all of that, but we need to be

19   able to start early so that we're not having some (indiscernible)

20   process two years down the line and fighting about main Plaintiff

21   data. We want to get started on it now to reduce the burden on the

22   Court.

23             And the second is the scope of the misconduct at issue.

24   We've done our homework.  We went out and identified thousands of

25   medical provider web properties where Google is collecting health

1  information.   And  we  would  like  their  answers  to  discovery

2  relating  to  the  scope  of  that  in  fairly  short  order.

3          THE  COURT:   So  I  hear  what  you're  saying.   I  don't  have

4  any,  you  know,  opinion  on  the  merits  of  the  claims  at  this  time,

5  but  I  hear  what  you're  saying  and  I  --  I  think  the  easiest  --  so

6  I  think  the  easiest  way  to  do  this  --  just  give  me  a  second  to

7  pencil  it  out.

8          MR.  KONCIUS:   And,  Your  Honor,  I  would  just  like  to

9  point  out  one  bit  of  overlap  between  the  PI  motion  and  the  motion

10  to  dismiss  which  may  help  Your  Honor  over  --  pencil  it  out.

11          THE  COURT:   Go  ahead.

12          MR.  KONCIUS:   Which  is  the  preliminary  injunction  motion

13  as  drafted  is  onto  a  limited  subset  of  causes  of  action,  so

14  there's  not  complete  overlap,  which  is  something  important  to  keep

15  in  mind  when  considering  the  proposal  to  push  out  the  motion  to

16  dismiss,  so  I  just  wanted  to  make  that  clear  to  Your  Honor.

17          THE  COURT:   So  when  you  say  "limited  subset,"  I  mean,

18  how  limited?   What  are  we  talking  about?

19          MR.  KONCIUS:   We've  moved  under  Wiretap  Acts,  privacy

20  torts,  and  the  UCL.

21          THE  COURT:   Okay.   And  how  many  causes  of  action  are

22  there  in  --  or  how  many  causes  of  action  will  there  be  in  the

23  consolidated  amended  complaint?

24          MR.  BARNES:   We  need  to  discuss  with  the  Jane  --  I  can't

25  give  you  a  specific  answer  right  now  because  the  Jane  Doe  action

1  has a couple additional causes of action.  I think we've moved --

2  I think we've combined those on five and I think we had 11 in the

3  initial complaint, but there's still a lot of duplication

4  arguments with them.  We anticipate some consent argument will be

5  made because a consent argument is always made in these cases, and

6  that will apply to all of the claims.  There's probably -- well,

7  I don't want to guess what Google's going to argue in its motion

8  to dismiss.  I think I've got a pretty good idea after litigating

9  these for a number of years, but there will still be some overlap,

10 some significant overlap, even for those claims for which we did

11 not move for a preliminary injunction.

12         THE COURT:  Okay.  When was that -- when were we

13 originally contemplating the new PI motion to be filed? -- the

14 14th?

15         MS. GARDNER:  That's right, Your Honor.

16         THE COURT:  What?

17         MS. GARDNER:  It was the 14th, and I'll just add from

18 the Plaintiffs' perspective, you know, we're going to be flexible

19 with relatively short deadlines as needed to accommodate a

20 reasonably early hearing date on all the motions.

21         THE COURT:  Okay.

22     (Pause.)

23         Mr. Hur, when did you say your vacation was?

24         MR. HUR:  The 6th through the 18th.

25     (Pause.)

1          THE COURT:  All right.  Here's my proposal for you.  The

2     Plaintiffs file their motion for a preliminary -- their amended

3     complaint -- consolidated complaint and motion for preliminary

4     injunction   on   July   13th.    The   Defendants   file   their

5     opposition/motion to dismiss August 3rd.   The Plaintiffs file

6     their reply to the -- regarding the preliminary injunction motion

7     and  opposition  to  the  motion  to  dismiss  August  24th.    The

8     Defendants file their reply re motion to dismiss September 7th,

9     and hearing on September 21st.

10          Does that work for everybody?

11          MR.  HUR:   Your  Honor,  that  is  very  tight  for  the

12     Defendant.  This PI has three expert reports and almost 500 pages

13     of  declarations.   We -- we -- the  original  proposal  that  Your

14     Honor made of filing on the 24th of August with the motion to

15     dismiss, we'd be willing to compress the time for the reply -- for

16     the motion to dismiss reply if that --

17          THE COURT:  Well, I was mainly trying not to interfere

18     with your vacation.   Like I was going -- I was thinking about

19     pushing things -- I was going to propose pushing everything back

20     a couple of weeks and saying that, you know, the Defense's -- so

21     the Defense's first brief is due on August 17th, and then the

22     Plaintiffs' second -- you know, so the first brief would be due on

23     like July, you know, 20th, let's say.  The second brief would be

24     due August 17th.  The third brief would be due September 7th.  The

25     fourth brief would be due September 21st.  And the hearing would

1  be October 5th.

2          But I was trying to not interfere with your vacation.

3          MS. GARDNER:  Your Honor, may I just respond briefly to

4  the point about it being tight.  I mean, these cases were filed in

5  May.  The points are not going to change that significantly.  And

6  the preliminary injunction motions, which also will not change

7  significantly, were filed in June.  So we're already talking about

8  an extended opposition and a motion to dismiss schedule here.

9          THE COURT:  Okay.  That point is fair.  So that's going

10  to be the schedule.  The first brief is due July 13th -- I mean,

11  the   preliminary   injunction   motion   is   due   July   13th.

12  Opposition/motion to dismiss from Google due August 3rd.  And then

13  the third brief, which is the reply regarding the preliminary

14  injunction and the opposition to the motion to dismiss is due

15  August 24th.  And then the fourth brief, which is the Defendants'

16  reply on the motion to dismiss is due September 7th.  And the

17  hearing is September 21st.

18          Do the Plaintiffs have any objection to that -- that

19  schedule from a timing standpoint?

20          MR. BARNES:  No, Your Honor, and I take it that the CCAC

21  is due July 13th as well?

22          THE COURT:  CCAC?

23          MR. BARNES:  Consolidated Class Action Complaint.

24          THE COURT:  Yes.

25          MR. BARNES:  Okay.

1          MS. GARDNER:  All right.  Your Honor, there's going to

2     be a 23(g) motion, so Plaintiff will file that within a week.  If

3     the hearing on that is also going to be in September, I wonder if

4     there's anything we can do to kind of initiate the Rule 26(f) kind

5     of proceedings in advance of appointment.

6          THE COURT:  Response from Google?

7          MR. HUR:  Your Honor, my understanding was that the

8     Court was inclined to stay discovery pending resolution of the

9     motion to dismiss.  I'm not sure which 26 --

10         THE COURT:  She's talking about -- essentially, she's

11    referring to doing some initial disclosures, you know -- I don't

12    really have strong feelings about that.  What's your --

13         MR. HUR:  Your Honor, we're --

14         THE COURT:  Go ahead.

15         MR. HUR:  We're certainly willing to meet and confer

16    with Plaintiffs and we can talk about initial disclosures and we

17    can work out some things.

18         THE COURT:  Okay.  Why don't you see if you can work

19    something out on that front.  And then the motion for appointment

20    of interim class counsel -- you can file that up to 35 days before

21    the -- before the hearing.

22         All right.  It was a complicated discussion, but I do

23    think we probably have kind of like a reasonably fair and

24    efficient way of adjudicating this motion and moving the case

25    along if the case doesn't get dismissed.

1        MR. BARNES:  Thank you, Your Honor.

2        MS. GARDNER:  Thank you, Your Honor.

3        THE COURT:  Okay.  Thank you.

4        MR. HUR:  Thank you, Your Honor.

5        MR. KONCIUS:  Thank you, Your Honor.

6     (Proceedings adjourned at 11:38 a.m.)

7

8        I, Peggy Schuerger, certify that the foregoing is a

9  correct transcript from the official electronic sound recording

10  provided to me of the proceedings in the above-entitled matter.

11

12  _____*Peggy Schuerger*_____        July 7, 2023_____
    Signature of Approved Transcriber              Date

13

14  Peggy Schuerger_____
    ***Ad Hoc Reporting***
15  Approved Transcription Provider
    for the U.S. District Court,
16  Northern District of California

17

18

19

20

21

22

23

24

25