**SIMMONS HANLY CONROY, LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
koncius@kiesel.law

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Hal D. Cunningham (Bar No. 243048)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
hcunningham@scott-scott.com

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted pro hac vice)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

**LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
Michael W. Sobol, State Bar. No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
msobol@lchb.com
mgardner@lchb.com

**LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212 355-9500
Facsimile: 212-355-9592
dcuthbertson@lchb.com

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE I, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant.<br><br>**This document applies to: All Actions** | Case No. 5:23-cv-02431-VC<br>Consolidated with: 3:23-cv-02343-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DECLARATION OF RICHARD M. SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Vince Chhabria |

2819496.2

## I. INTRODUCTION

This is a privacy case concerning Defendant Google LLC's ("Google") unlawful tracking, collection, and monetization of Americans' private health information from Health Care Provider web properties in the United States. In support of their Motion for Preliminary Injunction, Plaintiffs submit the Declaration of Richard Smith ("Smith Decl."), which describes Mr. Smith's analysis of Google's tracking of communications between patients and Health Care Provider web properties, including through use of login credentials belonging to named Plaintiffs. The Smith Declaration contains a detailed technical accounting of transmissions from these web properties, and necessarily includes Plaintiffs' and Mr. Smith's own personally identifiable information, including unique personal identifiers.

Plaintiffs hereby apply for leave of Court pursuant to Civil Local Rule 79-5 and the Court's Standing Order for Civil Cases to file under seal portions of the Smith Declaration, an unredacted version of which is attached to this Motion. Plaintiffs have reviewed and complied with this Court's Standing Order and Civil Local Rule 79-5. Google has advised Plaintiffs that it takes no position on whether the materials at issue on this motion satisfy the requirements of a motion to seal.

## II. LEGAL ARGUMENT

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. *See also Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178, 1180 (9th Cir. 2006) (good cause showing suffices to overcome the presumption under certain circumstances). This motion, because it is filed in connection with a preliminary injunction motion that is "more than tangentially related to the merits of the case," must satisfy the "compelling reasons standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).

At page 38, the Smith Declaration contains a named Plaintiff's full name presented in the context of logging into his healthcare provider website, implicating both personal and medical

privacy. Courts within the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing court records. *See, e.g., Steven City Broomfield v. Aranas*, No. 17-00683, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Emp'rs Mut. Ins. Co.*, No. 09-00545, 2010 WL4715793, at *1-2 (D. Haw. Nov. 15, 2010); *G. v. Hawaii*, No. 08-551, 2010 WL 2607483, at *1-2 (D. Haw. June 25, 2010); *Wilkins v. Ahern*, No. 08-1084, 2010 WL 3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare All. Corp.*, No. 08-2381, 2009 WL 1212170, at * 1 (D. Ariz. May 4, 2009).

The remaining portions of the Smith Declaration for which Plaintiffs request a sealing order depict technical interceptions of identifying data unique to Mr. Smith and/or individual named Plaintiffs. Courts in this District have likewise found compelling reasons to seal these types of personally identifiable information. *See e.g.*, *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 9211524, at *3 (N.D. Cal. May 3, 2016) (finding compelling reasons to seal "dates of birth, addresses, and other unique identifiers"); *Alkutkar v. Bumble Inc.*, No. 22-00422, 2022 WL 4112360, at *4 (N.D. Cal. Sept. 8, 2022) (granting motion to seal, *inter alia*, "metadata excerpt that includes the 'internal encrypted user identification number associated with Plaintiff's unique login credentials'"); *Activision Publg, Inc. v. EngineOwning UG*, No. 222-00051, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal "account numbers, IP addresses, email addresses, and/or customer activities on certain platforms.")

If the Court finds that compelling reasons exist, it must still "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Factors relevant to that balancing test include the public interest "in understanding the judicial process" *Pintos*, 605 F.3d at 679 n.6, whether disclosure of the material could result in improper use of it, *id.*, and the volume of material sought to be sealed, *Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB, 2014 U.S. Dist. LEXIS 23882, at *4 (S.D. Cal. Feb. 21, 2014).

Here, disclosure of the information at issue would not serve the public interest or aid the

public in understanding the merits of this case. The meaning and import of the Smith Declaration in no way depends on enabling the reader to identify a Plaintiff or Mr. Smith through the identifiers at issue. Instead, to the extent such data is of interest to members of the public at all, this PII could be obtained by bad actors, potentially subjecting the Plaintiffs and Mr. Smith to targeted attacks on the Internet with no meaningful gain in the public's ability to understand these proceedings.

For the foregoing reasons, Plaintiffs seek to seal the following:

| ECF or Exh. No. | Document | Portion(s) to Seal |
| --- | --- | --- |
| 49-1 | Declaration of Richard M. Smith | Highlighted portions at pages 6, 13,14-16, 20-22, 24, 26-49, 51-54, 58-117, 119-123, 125-196, 200, 202, 203, 205, 206, 212, 213. |

The proposed redactions are narrowly tailored as they specifically target and protect unique identifiers and personal health information related to Plaintiffs and their expert, Richard M. Smith, and do not seek to keep anything else from the public's view.

## III.   CONCLUSION

Plaintiffs respectfully ask the Court to seal the information identified above.

2819496.2

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 13, 2023 | **SIMMONS HANLY CONROY LLC** |
|  | By:   */s/ Jay Barnes*<br>        Jay Barnes |
| Dated:  July 13, 2023 | **KIESEL LAW LLP** |
|  | By:   */s/ Jeffery A. Koncius*<br>        Jeffrey A. Koncius |
| Dated:  July 13, 2023 | **LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP** |
|  | By:   */s/ Melissa Gardner*<br>        Melissa Gardner |
| Dated:  July 13, 2023 | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
|  | By:   */s/ Hal D. Cunningham*<br>        Hal D. Cunningham |
| Dated:  July 13, 2023 | **LOWEY DANNENBERG, P.C.** |
|  | By:   */s/ Christian Levis*<br>        Christian Levis |
|  | *Attorneys for Plaintiffs and the Proposed Class* |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 13, 2023                       */s/       Melissa Gardner*
                                                          Melissa Gardner

4

2819496.2